Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000376
04-AUG-2016
08:08 AM

NO. CAAP-16-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ARBITRATION BETWEEN
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Union-Appellee,
and
CITY AND COUNTY OF HONOLULU AND
DEPARTMENT OF FACILITY MAINTENANCE, ROADS MAINTENANCE
DIVISION (CLASS GRIEVANCE, RE: DENIAL OF TEMPORARY ASSIGNMENT);
SECTIONS 1,9,11,14,16,23; JM-09-07 (2009-060),
Employer-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0069)

ORDER GRANTING MAY 27, 2016 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Union-Appellee United Public

Workers, AFSCME, Local 646, AFL-CIO's (Appellee UPW) May 27, 2016

motion to dismiss appellate court case number CAAP-16-0000376 for

lack of appellate jurisdiction, (2) Employer-Appellant City and

County of Honolulu and Department of Facility Maintenance, Roads

Maintenance Division's (Appellant City of Honolulu), June 6, 2016

memorandum in opposition to Appellee UPW's May 27, 2016 motion,

and (3) the record, it appears that we lack appellate

jurisdiction over Appellant City of Honolulu's appeal from the

Honorable Karl K. Sakamoto's May 2, 2016 judgment in S.P. No. 16-

1-0069 KKS.

We note that the circuit court entered the May 2, 2016 judgment on an order granting Appellee UPW's motion to enforce an arbitrator's subpoena duces tecum and discovery-related order in an arbitration proceeding that has not yet concluded with the arbitrator's final decision and award.  Thus, while the May 2, 2016 judgment ended the special proceeding regarding an arbitration discovery dispute in S.P. No. 16-1-0069 KKS, the May 2, 2016 judgment was not a judgment on a final arbitration "award."  The statutory authority for appeals from arbitration matters is Hawaii Revised Statutes (HRS) § 628A-28(a) (Supp. 2015).  While HRS § 628A-28(a)(6) authorizes an appeal from "[a] final judgment <u>entered pursuant to this chapter</u>" (emphasis added), HRS § 658A-25(a) (Supp. 2015) authorizes the entry of a judgment in an arbitration matter only when a circuit court has entered one of the following types of orders regarding an arbitration "award":

> § 658A-25.  Judgment on <u>award</u>; attorney's fees and litigation expenses.
> (a) Upon granting <u>an order confirming, vacating without directing a rehearing, modifying, or correcting an award</u>, the court shall enter a judgment in conformity therewith.  The judgment may be recorded, docketed and enforced as any other judgment in a civil action.

(Emphases added).  There is no provision in HRS Chapter 658A that authorizes a circuit court to enter a judgment on an order enforcing an arbitrator's subpoena duces tecum and discovery-related order.

Under analogous circumstances involving an appeal from a circuit court judgment on an order confirming an arbitrator's intermediate decision that did not constitute a final arbitration "award," we "h[e]ld . . . that the Hawai'i Legislature likely

-2-

intended 'award' as used in HRS § 658A-28(a) to mean a final arbitration award and not merely any arbitration intermediate decision." <u>United Public Workers, AFSCME, Local 646, AFL-CIO v. City & County of Honolulu</u>, 124 Hawai'i 367, 370, 244 P.3d 604, 607 (App. 2010) (citation, some internal quotation marks, and ellipsis points omitted). In that case, a party appealed from the circuit court's judgment on an order confirming the arbitrator's intermediate determination that a class grievance was arbitrable on the merits, and, thus, should proceed forward to a future arbitration hearing on the merits. We dismissed the appeal for lack of appellate jurisdiction,

> hold[ing] that the Arbitrator's Determination in this case was not an "award" pursuant to HRS § 658A-28(a)(3). Consequently, we may not review the instant appeal from the Order Granting Motion to Confirm Arbitration because the order is unappealable pursuant to HRS § 658A-28(a)(3).

<u>Id.</u> at 371, 244 P.3d at 608. We especially noted that "[i]n Hawai'i, there is a strong state interest in encouraging arbitration[.]" <u>Id.</u> at 370, 244 P.3d at 607 (citation omitted). "The Hawai'i Supreme Court has stated that the proclaimed public policy of our legislature is to encourage arbitration as a means of settling differences and thereby avoid litigation." <u>Id.</u> (citations, internal quotation marks and brackets omitted). "[P]rohibiting a party from appealing an arbitrator's intermediate decision promotes the state's policy of encouraging arbitration." <u>Id.</u> at 371, 244 P.3d at 608.

Likewise in the instant case, the circuit court's May 2, 2016 judgment on the order granting Appellee UPW's motion to enforce the arbitrator's subpoena duces tecum and discovery-related order is an intermediate decision and does not constitute

-3-

entry of a final judgment under HRS Chapter 658A and specifically HRS § 658A-25. Although it appears that, under HRS § 658A-17, the circuit court may address enforcement of a subpoena issued by an arbitrator, there is no provision in HRS § 658A-17 or elsewhere in HRS Chapter 658A that suggests an order or judgment on the discovery dispute is immediately appealable. Therefore, the May 2, 2016 judgment is not an appealable judgment that Appellant City of Honolulu can appeal pursuant to HRS § 658A-28(a)(6). This ruling, that Appellant City of Honolulu cannot appeal from a judgment that is based on the arbitrator's intermediate decision regarding discovery, promotes the state's policy of encouraging arbitration. When the circuit court enters an order or final judgment that is appealable pursuant to HRS § 658A-28(a), then an aggrieved party will have an opportunity to obtain appellate review. Under the circumstances of this case, absent an order or final judgment that is appealable under HRS § 658A-28(a), we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that Appellee UPW's May 27, 2016 motion to dismiss appellate court case number CAAP-16-0000376 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-16-0000376 is dismissed.

DATED: Honolulu, Hawai'i, August 4, 2016.

Presiding Judge

Associate Judge

Associate Judge

-4-